CORDELIA A. HINCKLEY, Plaintiff, *v.* ETTA IRENE MAYBORNE and Others, Defendants.

*Will — when the power of alienation is not suspended — fee dependent upon two lives — lapse of one life before the death of the remainderman.*

Upon the submission of a controversy upon an agreed statement of facts, it appeared that Selina E. Sheldon died in 1883 and left a will by which she bequeathed certain premises to Henry and Chauncey L. Sheldon for life, with remainder in fee to George Sheldon; that she gave the same persons the use of her personalty and made a similar disposition of any residue left at the time of their death; that she further provided that if George Sheldon died without heirs before the death of Henry and Chauncey L. Sheldon, all her property should pass to certain persons named, William A. Mayborne, Joseph H. Mayborne, Henry J. Willing and Elizabeth A. Willing. Henry Sheldon died in 1886; Chauncey L. Sheldon died in 1894, while George Sheldon died without heirs in 1892. The defendants in the submission were the owners by purchase or devise of the interests of the Maybornes and the Willings, and insist that upon the death of Chauncey L. Sheldon they became absolute owners of the real estate and what was left of the personal estate.

*Held,* that the position of the defendants was correct;

That the will did not violate the statutes relative to perpetuities;

That the absolute power of alienation was only suspended during the lives of Henry and Chauncey L. Sheldon;

That upon the termination of their life estate the fee vested in George Sheldon, if living, or, if dead, in his heirs, if he left issue, or, if he died without issue, the fee then vested in the Maybornes and the Willings;

That as George Sheldon died without heirs while one of the life tenants was living, he had no right, title or interest in the property, nor any which he could convey to a purchaser.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Charles S. Baker*, for the plaintiff.

*James L. Weeks*, for the defendants.

ADAMS, J.:

This is a submission of a controversy upon a case containing the facts agreed upon, as required by section 1279 of the Code of Civil Procedure, and such facts, as far as it is necessary to state them, are as follows, viz.: One Selina E. Sheldon died February 27, 1883, leaving a last will and testament containing these provisions:

1. I give and bequeath the brick house and about thirty-five acres of land connected therewith, which I now own and occupy in the village of Sherman, to Henry and Chauncey L. Sheldon, to be used and occupied by them during the term of their natural life, and at their death the same shall go to my son George in fee simple.

2. I give and bequeath to Henry Sheldon and Chauncey Sheldon all my personal property, to be used by them for their support and maintenance during the term of their natural life, and at their death what is left shall go to my son George Sheldon and his heirs.

3. In case of the death of my son George without heirs before the death of said Henry and Chauncey L. Sheldon, I give all my said property equally to William A. Mayborne, Joseph H. Mayborne, Henry J. Willing and Elizabeth A. Willing.

Henry Sheldon, the husband of the testatrix, died July 13, 1886. George Sheldon, a son of the testatrix, died *without heirs* December 10, 1892. Chauncey L. Sheldon, a brother of the testatrix, died March 22, 1894.

At the time of her death the testatrix was the owner in fee simple of the property mentioned in the first clause of her will, which instrument was properly executed, and has since been duly admitted to probate. The defendants are the present owners, by devise or purchase, of the interests of the parties named in the third clause of the will, and insist that, upon the death of Chauncey L. Sheldon, they became the absolute owners of the real estate and all that remained of the personal estate left by the testatrix, and this claim is opposed by the plaintiff, as the grantee of George, upon the grounds:

*First.* That the devise mentioned in the first clause of the will is invalid, in that it attempted to suspend the power of alienation for more than two lives in being at the time of the creation of the estate; and

*Second.* That the condition which, by the third clause of the will, was to defeat the estate of George Sheldon in the premises mentioned in the first clause, has not happened for the reason that he survived Henry Sheldon.

Thus it will be seen that the determination of the controversy requires the construction of certain provisions of the will of Selina E. Sheldon.

In so far as the first clause of that instrument is claimed to be obnoxious to the statute against perpetuities, it is difficult to see upon what canon of construction the claim is based, or why the aid of the court should be invoked, for its language is clear and unambiguous, and scarcely admits of more than one interpretation. By it the husband and brother are given a life estate in the premises in question, and, of course, the "absolute power of alienation" is suspended during the existence of such estate, which, it is quite clear, should be measured by the life of the survivor of these two life tenants. But upon its termination the absolute fee vested either in George, if he was living; or, if dead, then in his heirs, if he left any; or, in the event of his death without heirs, in the persons named in the third clause of the will. This being so, it follows that by no course of reasoning can the suspension be said to extend beyond "two lives in being at the creation of the estate."

The construction to be given to the third clause of the will appears equally clear. The condition which was to defeat the estate of George Sheldon in the premises of the testatrix was his "death without heirs before the death of said Henry and Chauncey L. Sheldon."

It has been shown that it was the intention of the testatrix to create by her will a life estate in her husband and brother, and to make an absolute disposition of her property upon its termination. If George survived the life tenants, he was to become the absolute owner of the fee, but if he did not — that is, if he died during the continuance of the life tenancy — then the fee was to vest elsewhere. He did die before the life estate terminated,

although it was subsequent to the death of Henry, one of the life tenants, and he left no heirs. That this was the fulfillment of the condition which the testatrix designed should defeat his estate, seems too clear to admit of argument. He certainly had no interest in his mother's estate when he assumed to convey the same to the plaintiff, and, as Chauncey L. Sheldon survived him, the defendants, or the parties from whom they derived their title, took the absolute fee of the estate upon the death of the last-named person.

The defendants are, therefore, entitled to judgment, with costs.

LEWIS, BRADLEY and WARD, JJ., concurred.

Judgment directed for the defendants, with costs.